HENRY J. BALLARENE, RELATOR, v. LEO ROSENBLUM, PRESIDENT OF THE HUDSON COUNTY BOARD OF TAXATION, RESPONDENT.

Submitted May 1, 1945—Decided July 9, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the relator, *Alex R. DeSevo.*

For the respondent, *Walter D. Van Riper,* Attorney-General (*Joseph Lanigan,* Deputy Attorney-General, of counsel).

PER CURIAM.

This matter is before the court on an alternative writ of *mandamus* which was allowed by the Chief Justice, requiring the respondent, Leo Rosenblum, president of the Hudson County Board of Taxation, to approve a warrant for the unpaid salary due to the relator while in the employ of the Hudson County Board of Taxation for the period from October 15th, 1943, to November 15th, 1943, or show cause to the contrary.

The writ was allowed December 2d, 1944. It charges that respondent refuses to approve a warrant for the above stated unpaid salary. The return admits all the essential facts but avers that respondent refused to certify the payroll with respect to Henry J. Ballarene after October 15th, 1943, by reason of the express direction of the Hudson County Board

of Taxation as contained in a resolution of that Board adopted October 25th, 1943. That resolution, in substance, directed respondent to eliminate certification of Ballarene from payrolls from October 15th, 1943, because he had not reported for work since August 6th, 1943, and that he had not informed the members of the Board of the date of his expected return to his duties.

Relator was an employee of the Hudson County Board of Taxation from February 1st, 1927, to November 15th, 1943, a period of over sixteen years, first as deputy clerk and later as acting chief clerk. As such employee he was subject to the provisions of the Civil Service Act. During his employment with the Board of Taxation he was ill and out of work for a period of approximately 106 days, the longest period being from August 6th, 1943, to November 15th, 1943. He was entitled to cumulative sick leave. *R. S.* 11:14–2, and on November 15th, 1943, had a credit of 114 such sick leave days.

In compliance with that statute the relator caused to be sent to the Board of Taxation on August 20th, 1943, a certificate from a physician who was attending him as proof of need of leave of absence.

*R. S.* 54:3–8 provides that the board of freeholders shall fix the salary to be paid the secretary and other clerical assistants of the county board of taxation and that "such salaries and compensation shall be paid by the county treasurer on warrants approved by the president of the board."

This statute carries a direct mandate and the president of the board cannot refuse to follow it because of a resolution adopted by the board. Such would be an abrogation by the president of the powers of his office by adhering to a resolution of his board rather than the requirements of the statute. The resolution was not binding on him. It was his duty alone, not that of the board.

The relator's right to the writ and salary is clear and without dispute. The act to be done is a ministerial one merely, and the duty to perform it is clear. *Teaneck Township* v. *Volcker*, 128 *N. J. L.* 481.

A peremptory writ will be allowed, with costs.